CARL W. TELFORD, Plaintiff-Appellant, v. ALLEN TICE, Defendant-Appellee (Illinois Valley Community College, Garnishee-Appellee).

Third District   No. 3—85—0342

Opinion filed January 3, 1986.

Carl Telford, *pro se*, and Scott R. Guido, both of La Salle, for appellant.

Walter J. Zukowski, of Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle, for appellee Illinois Valley Community College.

JUSTICE WOMBACHER delivered the opinion of the court:

Plaintiff Carl Telford appeals from an order of the circuit court of La Salle County that prevented him from garnishing funds held by garnishee Illinois Valley Community College (the college). We affirm.

Telford obtained a default judgment of $2,431.41 against the defendant, Allen Tice, a student at the college. Tice had avoided all court appearances and proceedings, including the present action. Telford filed a nonwage garnishment in order to obtain funds held by the college. These funds were held by the college, for Tice, pursuant to the Pell Grant Program. (20 U.S.C. sec. 1070(a) (1976).) The purpose of the Pell Grant is to aid economically disadvantaged students pursue a course of post-secondary education.

The college moved to quash the garnishment, asserting that the funds were exempt from execution and limited to use for educational expenses. Telford moved to strike, claiming that the college lacked standing to challenge, or in the alternative, that the funds were not exempt under Illinois law. The trial court held a hearing on the motions and found the above facts. The court also found that the college

had standing to challenge the garnishment, and that the funds were exempt from garnishment and that the United States Congress had not intended the funds to be reached by way of garnishment. Telford appeals.

■ We first examine whether the college has standing to challenge the attempted garnishment. A party must have a legal interest in the subject matter involved in order to have standing. (*Kravitz v. County of Lake* (1978), 62 Ill. App. 3d 101, 379 N.E.2d 126.) It is undisputed that Tice would have the requisite standing to challenge the garnishment. The college holds the funds for the benefit of Tice, in trust, and may not use the funds for any other purpose. (34 C.F.R. secs. 690.82, 668.22.) In the least, the college has derivative standing as trustee holding the funds for the benefit of Tice.

Further, the college would be subject to civil penalties and either suspension or termination from the program if it failed to comply with the above regulations. (34 C.F.R. secs. 668.75-.77.) Thus, the college itself has a substantial interest in the proper distribution of the funds sufficient to stand on its own in this action. Hence, the trial court properly entertained the college's motion to quash.

■ We next consider whether the trial court correctly prevented Telford from completing the garnishment. Telford's sole argument is that there is no express provision exempting Pell Grant funds from garnishment pursuant to section 12—1001 of the Code of Civil Procedure. (Ill. Rev. Stat., 1984 Supp., ch. 110, par. 12—1001.) The section provides for exemption of property owned by the debtor. The college asserts that the funds in question are not owned by Tice until they are in Tice's possession. We agree.

The college presents several cases where people were prosecuted by the Federal Government for illegally obtaining such funds. (*E.g., United States v. Maxwell* (7th Cir. 1978), 588 F.2d 568.) The common thread throughout these cases is that the Federal Government has a property interest in these funds. (*United States v. Evans* (5th Cir. 1978), 572 F.2d 455.) If money has a Federal origin and is outstanding, it remains Federal. *United States v. Evans* (5th Cir. 1978), 572 F.2d 455.

The college also cites *United States v. Rowen* (5th Cir. 1979), 594 F.2d 98, as dispositive on the character of the funds. The defendant had embezzled funds connected with the Basic Equal Opportunity Grant Program. (The B.E.O.G. was the predecessor to the Pell Grant. Also, the statute under which Rowen was prosecuted is the predecessor to the statute that prescribes criminal penalties for Pell Grant violations.) The court found that the government exercised such control

over the funds that the funds remained Federal property. The funds retained their Federal identity until they are received by the beneficiary of the grant. (*United States v. Smith* (5th Cir. 1979), 596 F.2d 662.) Telford tries to distinguish this line of cases stating that the money should not be considered Federal property in civil actions. However, he provides us with no authority in support of his position, and we find no distinction.

The college provides us with a list of requirements placed upon an educational institution derived from the Code of Federal Regulations. For example, Pell Grant funds must be segregated from all other funds, the funds may not be used for any reason other than their express purpose, and the school must keep particular records as to each student. We find that these requirements are such that the Federal Government has such control over the funds that they are Federal property. We, therefore, agree with the college that the funds were not the property of the judgment-debtor, and thus, not subject to garnishment. It is in this sense that the funds are exempt.

For the foregoing reasons, the order of the circuit court of La Salle County is hereby affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.